## In re OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION.

### MDL No. 2143.

United States Judicial Panel on Multidistrict Litigation.

April 2, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR.,\* KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR.,\* and DAVID G. TRAGER \*, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Plaintiffs in two Northern District of California actions (*CMP* Consulting and AT) seek centralization, pursuant to 28 U.S.C. § 1407, of the five actions listed on Schedule A in the Northern District of California. This litigation consists of four actions pending in the Northern District of California and an action pending in the Central District of California.[1] All responding parties support the motion.

After considering the argument of counsel, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to whether manufacturers of optical disk drive products formed a conspiracy to fix, maintain, raise and/or

trict of California. These actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

stabilize the prices of optical disk drive products sold in the United States. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The Northern District of California stands out as an appropriate transferee forum. Most of the actions are already pending in this district. In addition, relevant documents and witnesses are possibly found there, inasmuch as three domestic defendants have their principal places of business in the Northern District of California. Relevant grand jury proceedings are also underway in this district. By centralizing these actions before Judge Vaughn R. Walker, we are selecting an experienced transferee judge to steer this litigation on a prudent course.

The Department of Justice and defendant Sony Optiarc America, Inc., oppose transfer of a related Northern District of California action (*Lieff, Cabraser*) containing Freedom of Information Act (FOIA) claims that seek copies of all subpoenas issued to certain corporations regarding the optical disk drive industry. Although the case was mentioned in the footnotes of some responding briefs, it does not appear that any party supports centralization of this FOIA action. Regardless, given the Panel's decision to centralize these actions in the Northern District of California where *Lieff, Cabraser* is pending, the question of whether to include the action in the MDL proceedings is moot, from the Panel's perspective, because the FOIA action is already assigned to Judge Walker. The parties can address their arguments regarding the inclusion of the FOIA action, and its treatment *vis-a-vis* the actions currently before the Panel, to Judge Walker.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Northern District of California is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vaughn R. Walker for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

MDL No. 2143 — **IN RE: OPTICAL DISK DRIVE PRODUCTS ANTITRUST LITIGATION**

*Central District of California*

*Diana Saed v. Sony Optiarc America, Inc., et al.*, C.A. No. 2:09–8289

*Northern District of California*

*CMP Consulting Services, Inc., et al. v. Sony Corp., et al.*, C.A. No. 3:09–5114
*Univisions–Crimson Holding, Inc. v. Sony Corp., et al.*, C.A. No. 3:09–5186
*KI, Inc. v. Sony Corp., et al.*, C.A. No. 3:09–5197
*Amber Nikkei v. Sony Corp., et al.*, C.A. No. 3:09–5135